| United States Bankruptcy Court<br>Northern District of Ohio | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Hilliard, Charlene L.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**xxx-xx-7873** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>**4493 Glenview Road**<br>**Cleveland, OH**<br>ZIP Code **44128-3529** | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP Code |
| County of Residence or of the Principal Place of Business:<br>**Cuyahoga** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br>ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

**Type of Debtor**
(Form of Organization)
(Check one box)

■ Individual (includes Joint Debtors)
*See Exhibit D on page 2 of this form.*
☐ Corporation (includes LLC and LLP)
☐ Partnership
☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check one box)

☐ Health Care Business
☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
☐ Railroad
☐ Stockbroker
☐ Commodity Broker
☐ Clearing Bank
■ Other

**Tax-Exempt Entity**
(Check box, if applicable)

☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)

■ Chapter 7
☐ Chapter 9
☐ Chapter 11
☐ Chapter 12
☐ Chapter 13
☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box)

☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
■ Debts are primarily business debts.

**Filing Fee** (Check one box)

■ Full Filing Fee attached

☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.

☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).
Check if:
☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.

Check all applicable boxes:
☐ A plan is being filed with this petition.
☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

■ Debtor estimates that funds will be available for distribution to unsecured creditors.
☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Hilliard, Charlene L.** |

### All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet)

| Location Where Filed:  **- None -** | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

### Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor: **- None -** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.) I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | **X  /s/ Stephen D. Hobt**                          **March 19, 2009** <br> Signature of Attorney for Debtor(s)          (Date) <br> **Stephen D. Hobt 0007681** |

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

    ☐ Yes, and Exhibit C is attached and made a part of this petition.

    ■ No.

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

    ■ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

    ☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box)

    ■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

    ☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

    ☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes)

    ☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

        _____
        (Name of landlord that obtained judgment)

        _____
        (Address of landlord)

    ☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

    ☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

    ☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

## Voluntary Petition

*(This page must be completed and filed in every case)*

| Name of Debtor(s): |
| --- |
| **Hilliard, Charlene L.** |

### Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** **/s/ Charlene L. Hilliard**
Signature of Debtor   **Charlene L. Hilliard**

**X**
Signature of Joint Debtor

Telephone Number (If not represented by attorney)

**March 19, 2009**
Date

### Signature of Attorney*

**X** **/s/ Stephen D. Hobt**
Signature of Attorney for Debtor(s)

**Stephen D. Hobt 0007681**
Printed Name of Attorney for Debtor(s)

**Stephen D. Hobt**
Firm Name

**1370 Ontario Street, Suite 450**
**Cleveland, OH 44113-1744**

Address

**Email: shobt@aol.com**
**(216) 771-4949  Fax: (216) 771-5353**
Telephone Number

**March 19, 2009**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X**
Signature of Authorized Individual

Printed Name of Authorized Individual

Title of Authorized Individual

Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

**X**
Signature of Foreign Representative

Printed Name of Foreign Representative

Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

Printed Name and title, if any, of Bankruptcy Petition Preparer

Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

Address

**X**

Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

# United States Bankruptcy Court
## Northern District of Ohio

In re  __Charlene L. Hilliard__                       Case No. _____

                                   Debtor(s)           Chapter    __7__ _____

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

B 1D(Official Form 1, Exhibit D) (12/08) - Cont.

       ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

       ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

       ☐ Active military duty in a military combat zone.

    ☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:       **/s/ Charlene L. Hilliard**
                             **Charlene L. Hilliard**

Date:   **March 19, 2009**

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037        Best Case Bankruptcy

# United States Bankruptcy Court
## Northern District of Ohio

In re    **Charlene L. Hilliard**                                        ,     Case No. _____

                                             Debtor                     Chapter _____ **7** _____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 9 | 439,500.00 | | |
| B - Personal Property | Yes | 3 | 152,729.84 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 3 | | 565,607.60 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 4 | | 209,504.86 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | 5,043.28 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 2 | | | 6,125.14 |
| Total Number of Sheets of ALL Schedules | | 26 | | | |
| | | Total Assets | 592,229.84 | | |
| | | | Total Liabilities | 775,112.46 | |

# United States Bankruptcy Court
## Northern District of Ohio

In re    **Charlene L. Hilliard**                              ,

                                     Debtor

Case No. _____

Chapter _____ **7** _____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

■   Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | |
| Student Loan Obligations (from Schedule F) | |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | |
| TOTAL | |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | |
| Average Expenses (from Schedule J, Line 18) | |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | |
| 4. Total from Schedule F | | |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | |

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037

In re     **Charlene L. Hilliard**                                                    , Case No. _____
_____
                                        Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **Real property and residence located at 4493 Glenview Road, Warrensville Heights, Ohio; Permanent parcel number 762-03-023; See attached legal description.** | **Fee simple** | **W** | **95,000.00** | **75,510.00** |
| **Real property and rental located at 397 East 148th Street, Cleveland, Ohio; Permanent parcel number 112-20-044; See attached legal description.** | **Fee simple** | **W** | **50,000.00** | **79,176.66** |
| **Real property located at 992 East 141st Street, Cleveland, Ohio; Permanent parcel number 115-04-034; See attached legal description.** | **Fee simple** | **W** | **6,500.00** | **2,557.05** |
| **Real property and rental located at 869 Royal Road, Cleveland, Ohio; Permanent parcel number 115-28-099; See attached legal description.** | **Fee simple** | **W** | **50,000.00** | **61,879.64** |
| **Real property and rental located at 1437 East 172nd Street, Cleveland, Ohio; Permanent parcel number 116-25-085; See attached legal description.** | **Fee simple** | **W** | **70,000.00** | **73,104.89** |
| **Real property located at 16205 Telfair Avenue, Cleveland, Ohio; Permanent parcel number 143-02-073; See attached legal description.** | **Fee simple** | **W** | **10,000.00** | **1,432.97** |
| **Real property and rental located at 51 Grigsby Lane, Pickerington, Ohio; Permanent parcel number 0410618700; See attached legal description.** | **Fee simple** | **W** | **150,000.00** | **203,639.00** |
| **Real property located at 1038-40 East 149th Street, Cleveland, Ohio; Permanent parcel number 115-13-023; See attached legal description.** | **Fee simple** | **W** | **8,000.00** | **2,549.29** |

|  | Sub-Total > | 439,500.00 | (Total of this page) |
|---|---|---|---|
|  | Total > | 439,500.00 |  |

**0** continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                                        Best Case Bankruptcy

# DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
## FHA OFFICER AND TEACHER NEXT DOOR SALES PROGRAMS

State of Ohio
Cuyahoga County

FHA Case No. 412-443659

H02-05756-CLE

Know All Men By These Presents, That Alphonso R. Jackson, Secretary of the United States Department of Housing and Urban Development, of Washington, D.C. (hereinafter referred to as "Grantor), who acquired title by deed recorded as Inst. # 200405190456, Recorder's Office Cuyahoga County, Ohio, for the consideration of $55,000.00 to him paid by Charlene L. Hilliard, single, (hereinafter referred to as "grantee(s)", whose tax mailing address will be 4493 Glenview Road, Warrensville, OH 44128 the receipt whereof is hereby acknowledged, hath granted, bargained, sold, aliened, enfeoffed released and confirmed and by these presents doth grant, bargain, sell, alien, eneoff, release and confirm unto the Grantee(s), for their joint lives, remainder to the survivor of them, the following described property;

Situated in the City of Warrensville Heights, County of Cuyahoga and State of Ohio and known as being Sublot No. 251 in the City of Allotment Company's Lee-Gardens Subdivision of part of Original Warrensville Lot No. 84, as shown by the recorded plat in Volume 91 of Maps, Page 34 of Cuyahoga County Records, as appears by said plat.

Permanent Parcel No.: 762-03-023
AKA: 4493 Glenview Road, Warrensville, OH 44128

**"The purpose of the following covenant is to insure that the property conveyed herein is used for home ownership and is occupied as a primary residence by a Police Officer/Teacher in accordance with the objectives of the Grantor's Officer Next Door/Teacher Next Door Sales Program. Grantee, a Police Officer/Teacher, shall own and occupy, as a primary residence, the property conveyed herein. This covenant shall be subject and subordinate to any mortgage or deed of trust executed by Grantee to finance or refinance the acquisition of the property conveyed herein and shall be extinguished upon the foreclosure of such mortgage or the conveyance of the property by deed in Lieu of Foreclosure.**

**The covenants and conditions contained in this paragraph shall terminate, shall be of no further effect, and shall not be enforceable on or after date of third anniversary of closing or unless terminated earlier in writing by Grantor. The acceptance of this deed by the Grantee shall constitute an acceptance of the use restrictions described in this paragraph."**

Being the same property acquired by the Grantor pursuant to the provisions of the National Housing Act, as amended (12 U.S.C. 1701) and the Department of Housing and Urban Development Act (42 U.S.C. 3531).

Subject To All covenants, restrictions, easements, conditions, and rights appearing of record; and Subject to any state of facts an accurate survey would show.

To Have And To Hold said premises, with the appurtenances thereunto belonging, to the said Grantee(s), and to the heirs and assigns of said Grantee(s), forever.

And The Said Grantor, and his successors, hereby covenants with the said Grantee(s), and the heirs and assigns of said Grantee(s), that said premises are free and clear from all encumbrances, whatsoever, by, from agreements, covenants and conditions of record; and Except any state of facts with which would be disclosed by an accurate survey of the premises herein conveyed.

Said Grantor, and his successors, hereby further covenants that said Grantor, and his successors, will Forever Warrant And Defend the same with the appurtenances thereunto belonging, unto said Grantee(s), and the heirs and assigns of said Grantee(s), against the lawful claims of all persons claiming by, from, through, or under the said Grantor herein.

ROBERT KLAIBER P.E., P.S.
Legal Description complies with
Cuyahoga County Conveyance
Standards and is approved for
transfer

SEP 28 2004

Agent

CUYAHOGA COUNTY RECORDER
PATRICK J. OMALLEY
DEED 09/28/2004 12:03:23 PM
200409280429

Permanent Parcel #: 762-03-023

| | |
|---|---|
| Type Instrument: Warranty Deed Ex | Date 9/28/2004 |
| Tax District #: 3380 | Tax Lis Year 2004 |
| Grantor Sec. Of Housing & Urban Dev. | Land Use Code: 5100 |
| Grantee: HILLARD, CHARLENE L | Land Value 14,300 |
| Balance Assumed: $ 0.00 | Building Value 64,900 |
| Total Consideration: $ 0.00 | Total Value 79,200 |
| Conv. Fee Paid $ 0.00 | Arms Length Sale: NO |
| Transfer Fee Paid: $ 0.50 | Rcpt c-09282004-6 |
| Fee Paid by LaKRSIDE | Inst # 118603 |
| Exempt Code: | Check # 6167 |

*Frank Russo*
CUYAHOGA COUNTY AUDITOR

EXHIBIT A

397 East 148th St., Cleveland, OH 44110
Permanent Parcel No. 112-20-044

Situated in the City of Cleveland, County of Cuyahoga and State of Ohio:
And known as being part of Original Euclid Township Tract No. 16, and bounded and
described as follows:

Beginning on the Easterly line of East 148th Street (40 feet wide), at the Northwest
corner of Sublot No. 27 in Joseph Laronge's Lake Shore Boulevard Subdivision of part
of Original Euclid Township Tract No. 16, as recorded in Volume 65 of Maps, Page 14
of Cuyahoga County Records, said point also being distant Southerly, measured along
said Easterly line, 352.35 feet from the Southeasterly line of Lake Shore Boulevard, N.E.
(80 feet wide); Thence Northerly along, the Easterly line of East 148th Street, a distance
of 42.35 feet to a point; Thence Easterly, and at right angles to the Easterly line of said
East 148th Street, a distance of 76.83 feet to the Easterly line of a parcel of land
conveyed to Michael F. Keyes by deed .dated September 2, 1904 and recorded in volume
948, Page 309 of Cuyahoga County Records; Thence Southerly along said Easterly line
of land so conveyed to said Michael F. Keyes, a distance of 51.37 feet to a point in the
Northeasterly line of said Sublot No. 27 in the Joseph Laronge's Lake Shore Boulevard
Subdivision, aforesaid; Thence Northwesterly along the Northeasterly line of said Sublot
No. 27, a distance of 75.47 feet to the place of beginning, and being further known as
Sublot No. 8 in M.F. Keyes proposed Subdivision of part of Original Euclid Township
Tract No. 16, according to a survey made by J.B. Davis & Son, Civil Engineer, March
31, 1911, be the same more or less, but subject to all legal highways.

Permanent   112-20-044
Parcel #

Type Instrument: Quit Claim Deed          Date: 8/9/2007 4:11:00 PM
Tax District #: 3100                      Tax List Year: 2007
Grantor: FINANCIAL BRIDGE LLC             Land Use Code: 5200
Grantee: KIDD, SABRINA                    Land Value: 16,700
Balance Assumed: $ 0.00                   Building Value: 55,200
Total Consideration: $ 21,500.00          Total Value: 71,900
Conv Fee Paid $ 86.00                     Arms Length Sale: YES
Transfer Fee Paid $ 0.50                  Rcpt. A-08092007-15
Fee Paid by  CASH                         Inst #: 302708
Exempt Code:                              Check #

*Frank Russo*

CUYAHOGA COUNTY AUDITOR

# EXHIBIT A

Parcel No. 1

Situated in the City of Cleveland, County of Cuyahoga and the State of Ohio:

And known as being the Southerly 18 inches of Sublot No. 228 in the Wolfe-Sill Realty Company's St Clair East 140th Subdivision of part of Original Euclid Township Lot No. 1, Tract No. 16, and Original Lot No. 2, Tract No. 10, as shown by the recorded plat in Volume 59 of Maps, Page 12 of Cuyahoha County Records, and being 18 inches front on the Westerly side of East 141st Street and extending back of equal width 133 feet deep, as appears by said plat, be the same more or less, but subject to all legal highways.

Parcel No. 2

Situated in the City of Cleveland, County of Cuyahoga and the State of Ohio:

And known as being Sublot No. 229 in Cowles, Brooks Smyth's Subdivision of part of Original Euclid Township Lot No. 1, Tract No. 16 and Lot No. 2, Tract No. 10, as shown by the recorded plat in Volume 9 of Maps, Page 11 of Cuyahoga County Records, and being 40 feet front on the Westerly side of Brooks Avenue, (now known as East 141st Street), and extending back of equal width 133 feet deep, as appears by said plat, and being further known as Sublot No. 229 in the St Clair East 140th Street Subdivision of the Wolfe-Sill Realty Company, as appears by said Subdivision recorded in Volume 59 of Maps, Page 12 of Cuyahoga County Records, be the same more or less, but subject to all legal highways.

Permanent Parcel No. 115-04-034

Permanent    115-04-034
Parcel #

Type Instrument: Quit Claim Deed          Date  10/31/2007 12:51:00 P
Tax District #: 3100                      Tax List Year:  2007
Grantor: ATKINS, MARVIN                   Land Use Code: 5200
Grantee: HILLIARD, CHARLENE L.            Land Value: 17,700
Balance Assumed: $ 0.00                   Building Value: 34,600
Total Consideration: $ 2,000.00           Total Value: 52,300
Conv. Fee Paid: $ 8.00                    Arms Length Sale: YES
Transfer Fee Paid: $ 0.50                 Rcpt  B-10312007-16
Fee Paid by: CASH                         Inst #  317100
Exempt Code                               Check #

*Frank Russo*
CUYAHOGA COUNTY AUDITOR

# *QUIT CLAIM DEED*
## (O.R.C. 5302.11)

**KNOW ALL MEN BY THESE PRESENTS,** that <u>JKS Management</u>

<u>and Consulting Inc.</u> a Corporation incorporated

under the laws of the State of <u>Ohio</u>, the

Grantor(s), for valuable and divers consideration paid, thereunto moving, and

have, given, granted, remised, released and forever Quit-Claimed, and by these

presents does absolutely give, grant, remise, release and forever quit-claim unto

<u>Charlene Hilliard</u>,

the Grantee(s), whose tax-mailing address will be <u>4493 Glenview</u>

<u>Warrensville Hts, Ohio 44128</u>, his/her/their heirs and assigns

forever, all such right and title as it, the said Grantor(s) has or ought to have in

and to the following REAL PROPERTY, situated in the <u>City</u> of

<u>Cleveland</u>, Cuyahoga County, State of Ohio and also

known and described as

Situated in the City of Cleveland, County of Cuyahoga, and State of Ohio, and bounded and
described as follows:

And known as being Sublot No. 87 in the R.R. AND P.P. COMPANY'S Five Points Allotment
of part of Original Euclid Township Lot No. Forty-two (42), as shown by the recorded plat in
Volume 63 of Maps, Page 32 of Cuyahoga County Records, and being 35-04/100 feet front on
the Northeasterly side of Royal Road, N.E., and extends back 92-16/100 feet on the
Northwesterly line, 92-60/100 feet on the Southeasterly, as appears by said plat, be the same
more or less, but subject to all legal highways.

Parcel No: 115-28-099
Commonly known as: 869 Royal Road, Cleveland, OH 44110

**TO HAVE AND TO HOLD** the above granted and bargained premises, with the
appurtenances thereof, unto the said Grantee(s), his/her/their heirs and assigns
forever, so that neither the said Grantor(s), nor its successors or assigns, nor any
other person claiming through or under it, shall or will hereafter claim or demand
any right or title to the premises, or any part thereof, but they and every one of
them shall by these presents be excluded and barred forever.

Cuyahoga County Recorder's Office          Revised 1/2005

Situated in the City of Cleveland, County of Cuyahoga and State of Ohio and known as being Sublot No. 35 in the Day Homestead Subdivision of part of Original Euclid Township Tract No. 15, as shown by the recorded plat in Volume 53 of Maps, page 17 of Cuyahoga County Records and being 40 feet front on the Northeasterly side of East 172nd Street and extending back of equal width 115 feet, as appears by said plat, be the same more or less, but subject to all legal highways.

Parcel Number: 116-25-085

Commonly known as: 1437 East 172nd Street, Cleveland, OH 44110

Official Instrument Number: 200205140168

# EXHIBIT A

Situated in the City of Cleveland, County of Cuyahoga and the State of Ohio:

And known as being Sublot No. 56 in H> J. Sheets' Lee Road Subdivision of part of Original Warrensville Township Lot No. 91, as shown by the recorded plat in Volume 87 of Maps, Page 35 of Cuyahoga County Records, and being a parcel of land 40 feet front on the Northerly side of Telfair Avenue, and extending back of equal width 160 feet, as appears by said plat, be the same more or less, but subject to all legal highways.

Permanent Parcel No. 143-02-073

Situated in the State of Ohio, County of Fairfield and in the City of Pickerington:

Being Lot Number 86, in SHEFFIELD SUBDIVISION, PHASE 1, as the same is numbered and delineated upon the recorded plat thereof, of record in Plat Cabinet 2, Slot 19, Recorder's Office, Fairfield County, Ohio, be the same more or less, but subject to all legal highways.

Parcel No. 041-06187-00
Property Address: 51 Grisby Lane, Pickerington, Ohio 43147

X LW    X aw

(0000768-0708.PFD/0000768-0708/12)

## *QUIT CLAIM DEED*
### (O.R.C. 5302.11)

**KNOW ALL MEN BY THESE PRESENTS,** that I/we_____

MARViN Atkins (single man)_____ (marital status)_____,

the Grantor(s) of Cuyahoga County, for valuable consideration paid, have

granted, given, remised, released and forever Quit-Claimed, and by these

presents absolutely give, grant, remise, release and forever quit-claim unto

Charlene L. Hilliard_____,

the Grantee(s), whose tax-mailing address will be 1038 E. 149th

Cleveland, Ohio 44122_____, his/her/their heirs and assigns

forever, all such right and title as I/we, the said Grantor(s) have or ought to have

in and to the following REAL PROPERTY, situated in the City_____ of

Cleveland_____, Cuyahoga

County, State of Ohio and also known and described as

being Sublot No. 23 in Ben Gray's Subdivision of part of Original Euclid Township
Nos.1 and 2 as shown by the recorded plat in Volume 18 of Maps, Page 9 of
Cuyahoga County Records, and being 40 feet front on the Westerly side of East
149th Street (formerly Gray's Court), and extending back 120.44 feet on the
Northerly line 115.17 feet on the Southerly line and having a rear line of 40.44 feet
as appears by said plat, be the same more or less, but subject to all legal highways.
Parcel Number 115-13-023

Property Address: 1038-40 East 149th Street, Cleveland, Ohio 44110

Volume/Reference Number 200704200721

**TO HAVE AND TO HOLD** the above granted and bargained premises, with the
appurtenances thereof, unto the said Grantee(s), his/her/their heirs and assigns
forever, so that neither the said Grantor(s), nor his/her/their heirs or any other
person claiming under him/her/them, shall or will hereafter claim or demand any
right or title to the premises, or any part thereof, but they and every one of them
shall by these presents be excluded and barred forever.

Cuyahoga County Recorder's Office          Revised 1/2005

In re  **Charlene L. Hilliard**  ,  Case No. _____
_____
                    Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| | Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|---|
| 1. | Cash on hand | | Cash on hand with Debtor | W | 400.00 |
| 2. | Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Funds on deposit in checking account with KeyBank, N.A. | W | 2.12 |
| | | | Funds on deposit in savings account with KayBank, N.A. | W | 47.15 |
| | | | Funds on deposit in checking account with FirstMerit Bank, N.A. | W | 1,157.00 |
| 3. | Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. | Household goods and furnishings, including audio, video, and computer equipment. | | Miscellaneous household goods and furnishings | W | 4,000.00 |
| 5. | Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | Miscellaneous books | W | 500.00 |
| 6. | Wearing apparel. | | Miscellaneous clothing | W | 4,000.00 |
| 7. | Furs and jewelry. | | Miscellaneous costume jewelry | W | 200.00 |
| | | | Ring, earrings (2 pair), and watch | W | 1,500.00 |
| 8. | Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. | Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | Term life insurance through employer - beneficiaries are mother and brother | W | 0.00 |
| 10. | Annuities. Itemize and name each issuer. | X | | | |

|  |  |
|---|---|
| Sub-Total > | 11,806.27 |
| (Total of this page) | |

__2__ continuation sheets attached to the Schedule of Personal Property

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                                                                                     Best Case Bankruptcy

In re   **Charlene L. Hilliard**                    ,       Case No. _____

                       Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | **Interest in STRS of Ohio** | W | 79,521.94 |
| | | **Interest in 403B plan of the Cleveland Board of Education held by PFS Investments, Inc.** | W | 6,401.63 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | | **Miscellaneous tenants owe the Debtor approximately $500.00 - presumed uncollectible** | W | 0.00 |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

                                         Sub-Total >       **85,923.57**
                                   (Total of this page)

Sheet  **1**  of  **2**  continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                         Best Case Bankruptcy

In re  **Charlene L. Hilliard** ,  Case No. _____

_____
Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2004 BMW 745Li (Titled in the name of JKS Management and Consulting) | W | 28,000.00 |
| | | 2007 Chevrolet Silverado | W | 27,000.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

Sub-Total >   55,000.00
(Total of this page)
Total >   152,729.84

Sheet __2__ of __2__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037   Best Case Bankruptcy

In re   **Charlene L. Hilliard**                          ,      Case No. _____

                                  Debtor

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)
☐ 11 U.S.C. §522(b)(2)
■ 11 U.S.C. §522(b)(3)

☐ Check if debtor claims a homestead exemption that exceeds $136,875.

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Real Property** | | | |
| **Real property and residence located at 4493 Glenview Road, Warrensville Heights, Ohio; Permanent parcel number 762-03-023; See attached legal description.** | **Ohio Rev. Code Ann. § 2329.66(A)(1)** | **19,490.00** | **95,000.00** |
| **Cash on Hand** | | | |
| **Cash on hand with Debtor** | **Ohio Rev. Code Ann. § 2329.66(A)(3)** | **400.00** | **400.00** |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| **Funds on deposit in checking account with KeyBank, N.A.** | **Ohio Rev. Code Ann. § 2329.66(A)(18)** | **2.12** | **2.12** |
| **Funds on deposit in savings account with KayBank, N.A.** | **Ohio Rev. Code Ann. § 2329.66(A)(18)** | **47.15** | **47.15** |
| **Funds on deposit in checking account with FirstMerit Bank, N.A.** | **Ohio Rev. Code Ann. § 2329.66(A)(18)** | **1,025.73** | **1,157.00** |
| **Household Goods and Furnishings** | | | |
| **Miscellaneous household goods and furnishings** | **Ohio Rev. Code Ann. § 2329.66(A)(4)(a)** | **4,000.00** | **4,000.00** |
| **Wearing Apparel** | | | |
| **Miscellaneous clothing** | **Ohio Rev. Code Ann. § 2329.66(A)(4)(a)** | **4,000.00** | **4,000.00** |
| **Furs and Jewelry** | | | |
| **Miscellaneous costume jewelry** | **Ohio Rev. Code Ann. § 2329.66(A)(4)(b)** | **200.00** | **200.00** |
| **Ring, earrings (2 pair), and watch** | **Ohio Rev. Code Ann. § 2329.66(A)(4)(b)** | **1,150.00** | **1,500.00** |
| **Interests in IRA, ERISA, Keogh, or Other Pension or Profit Sharing Plans** | | | |
| **Interest in STRS of Ohio** | **Ohio Rev. Code Ann. §§ 3307.71, 3309.66** | **79,521.94** | **79,521.94** |
| **Interest in 403B plan of the Cleveland Board of Education held by PFS Investments, Inc.** | **Ohio Rev. Code Ann. §§ 3307.71, 3309.66** | **6,401.63** | **6,401.63** |
| | Total: | 116,238.57 | 192,229.84 |

  **0**   continuation sheets attached to Schedule of Property Claimed as Exempt

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                       Best Case Bankruptcy

In re    **Charlene L. Hilliard**                                      ,     Case No. _____

                                       **Debtor**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

    State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

    List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

    If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

    If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

    Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. **8000076441** <br><br> **Alphera Financial Services** <br> **Customer Service Center** <br> **P.O. Box 3608** <br> **Dublin, OH 43016-0306** | | W | **October 2008** <br><br> **Purchase Money Security** <br><br> **2007 Chevrolet Silverado** <br><br> Value $        **27,000.00** | | | | 26,943.00 | 0.00 |
| Account No. **1620233504** <br><br> **Chase Home Finance LLC** <br> **P.O. Box 24696** <br> **Columbus, OH 43224-0696** | | W | **June 18, 2008** <br> **First Mortgage** <br> **Real property and rental located at 1437 East 172nd Street, Cleveland, Ohio; Permanent parcel number 116-25-085; See attached legal description.** <br> Value $        **70,000.00** | | | | 39,578.80 | 0.00 |
| Account No. **1620233480** <br><br> **Chase Home Finance LLC** <br> **P.O. Box 24696** <br> **Columbus, OH 43224-0696** | | W | **June 18, 2008** <br> **Mortgage** <br> **Real property and rental located at 869 Royal Road, Cleveland, Ohio; Permanent parcel number 115-28-099; See attached legal description.** <br> Value $        **50,000.00** | | | | 59,741.08 | 11,879.64 |
| Account No. **66-20028766791** <br><br> **Huntington National Bank** <br> **2361 Morse Road, NC1W18** <br> **Columbus, OH 43229** | X | W | **October 2007** <br><br> **Purchase Money Security** <br><br> **2004 BMW 745Li (Titled in the name of JKS Management and Consulting)** <br> Value $        **28,000.00** | | | | 38,815.10 | 10,815.10 |
|   **2**  \_\_\_ continuation sheets attached | | | Subtotal <br> (Total of this page) | | | | 165,077.98 | 22,694.74 |

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                        Best Case Bankruptcy

In re __Charlene L. Hilliard_____,     Case No. _____

                                                      Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. **101025031854**<br><br>**KeyBank National Association**<br>**4910 Tiedeman Road**<br>**Cleveland, OH 44144** | | W | June 12, 2008<br>Second Mortgage<br>Real property and rental located at 1437 East 172nd Street, Cleveland, Ohio;<br>Permanent parcel number 116-25-085;<br>See attached legal description.<br>Value $    70,000.00 | | | | 31,551.00 | 3,104.89 |
| Account No. **7380010502862**<br><br>**M and T Bank**<br>**1 Fountain Plaza**<br>**Buffalo, NY 14203** | | W | September 22, 2004<br>First Mortgage<br>Real property and residence located at 4493 Glenview Road, Warrensville Heights, Ohio;<br>Permanent parcel number 762-03-023;<br>See attached legal description.<br>Value $    95,000.00 | | | | 75,510.00 | 0.00 |
| Account No. **xxxx xxxx xxxx 6542**<br><br>**National City Bank**<br>**P.O. Box 5570**<br>**Cleveland, OH 44101-0570** | | W | January 11, 2008<br>Mortgage<br>Real property and rental located at 397 East 148th Street, Cleveland, Ohio;<br>Permanent parcel number 112-20-044;<br>See attached legal description.<br>Value $    50,000.00 | | | | 75,436.71 | 29,176.66 |
| Account No. **112-20-044**<br><br>**James Rokakis, Treasurer**<br>**1219 Ontario Street**<br>**Cleveland, OH 44113** | | W | 2008 and 2009<br>Statutory Lien<br>Real property and rental located at 397 East 148th Street, Cleveland, Ohio;<br>Permanent parcel number 112-20-044;<br>See attached legal description.<br>Value $    50,000.00 | | | | 3,739.95 | 0.00 |
| Account No. **115-13-023**<br><br>**James Rokakis, Treasurer**<br>**1219 Ontario Street**<br>**Cleveland, OH 44113** | | W | 2007 through 2009<br>Statutory Lien<br>Real property located at 992 East 141st Street, Cleveland, Ohio;<br>Permanent parcel number 115-04-034;<br>See attached legal description.<br>Value $    6,500.00 | | | | 2,557.05 | 0.00 |

Sheet __1__ of __2__ continuation sheets attached to Schedule of Creditors Holding Secured Claims

Subtotal
(Total of this page)

| 188,794.71 | 32,281.55 |
|---|---|

In re    **Charlene L. Hilliard**                                        ,     Case No. _____
                                        Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | HWJC | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. **115-28-099**<br><br>James Rokakis, Treasurer<br>1219 Ontario Street<br>Cleveland, OH 44113 | | W | 2008 and 2009<br>Statutory Lien<br>Real property and rental located at 869 Royal Road, Cleveland, Ohio; Permanent parcel number 115-28-099; See attached legal description.<br>Value $        50,000.00 | | | | 2,138.56 | 0.00 |
| Account No. **116-25-085**<br><br>James Rokakis, Treasurer<br>1219 Ontario Street<br>Cleveland, OH 44113 | | W | 2008 and 2009<br>Statutory Lien<br>Real property and rental located at 1437 East 172nd Street, Cleveland, Ohio; Permanent parcel number 116-25-085; See attached legal description.<br>Value $        70,000.00 | | | | 1,975.09 | 0.00 |
| Account No. **143-02-073**<br><br>James Rokakis, Treasurer<br>1219 Ontario Street<br>Cleveland, OH 44113 | | W | 2008 and 2009<br>Statutory Lien<br>Real property located at 16205 Telfair Avenue, Cleveland, Ohio; Permanent parcel number 143-02-073; See attached legal description.<br>Value $        10,000.00 | | | | 1,432.97 | 0.00 |
| Account No. **115-13-023**<br><br>James Rokakis, Treasurer<br>1219 Ontario Street<br>Cleveland, OH 44113 | | W | 2007 through 2009<br>Statutory Lien<br>Real property located at 1038-40 East 149th Street, Cleveland, Ohio; Permanent parcel number 115-13-023; See attached legal description.<br>Value $         8,000.00 | | | | 2,549.29 | 0.00 |
| Account No. **9420228215836**<br><br>Suntrust Mortgage, Inc.<br>P.O. Box 26149<br>Richmond, VA 23260 | | W | August 2008<br>Mortgage<br>Real property and rental located at 51 Grigsby Lane, Pickerington, Ohio; Permanent parcel number 0410618700; See attached legal description.<br>Value $       150,000.00 | | | | 203,639.00 | 53,639.00 |

Sheet **2** of **2** continuation sheets attached to Schedule of Creditors Holding Secured Claims

Subtotal (Total of this page)      211,734.91     53,639.00

Total (Report on Summary of Schedules)     565,607.60     108,615.29

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                                        Best Case Bankruptcy

.

In re    **Charlene L. Hilliard**                                 ,      Case No. _____
<br>
                                       Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

**0**     continuation sheets attached

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                               Best Case Bankruptcy

In re **Charlene L. Hilliard** , Case No. _____

Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J C | | | | | |
| Account No. 3727 370045 41006<br><br>**American Express<br>Customer Service<br>P.O. Box 297814<br>Fort Lauderdale, FL 33329-7814** | | | W | | **2008<br>Purchases upon open account** | | | | **6,532.47** |
| Account No. 3717 370188 01009<br><br>**American Express<br>Customer Service<br>P.O. Box 981535<br>El Paso, TX 79998-1535** | | | W | | **2008<br>Purchases upon open account** | | | | **Unknown** |
| Account No. 3717 370188 02007<br><br>**American Express<br>Customer Service<br>P.O. Box 981535<br>El Paso, TX 79998-1535** | | | W | | **2008<br>Purchases upon open account** | | | | **Unknown** |
| Account No. 5490 9931 9828 1232<br><br>**Bank of America, N.A.<br>P.O. Box 15026<br>Wilmington, DE 19850-5026** | | | W | | **2007 and 2008<br>Purchases upon open account** | | | | **14,331.68** |

__3__ continuation sheets attached

Subtotal
(Total of this page) **20,864.15**

In re   **Charlene L. Hilliard**                           ,            Case No. _____

                                        Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **4115 0770 0838 0968**<br><br>**Capital One Bank**<br>**P.O. Box 30285**<br>**Salt Lake City, UT 84130-0285** | | W | **2008**<br>**Purchases upon open account** | | | | **1,634.40** |
| Account No. **PNVL0902957**<br><br>**City of Cleveland**<br>**Department of Finance**<br>**Division of Assessments and License**<br>**601 Lakeside Avenue, Room 127**<br>**Cleveland, OH 44114-1015** | | W | **September 26, 2008**<br>**Bill for nuisance abatement** | | | | **448.00** |
| Account No. **2470820625065**<br><br>**Cleveland Public Power**<br>**P.O. Box 94560**<br>**Cleveland, OH 44101-4560** | | W | **2008 and 2009**<br>**Electric service** | | | | **508.73** |
| Account No. **6045 8704 1819 3645**<br><br>**Dillard's**<br>**GE Money Bank**<br>**Attn:  Bankruptcy Department**<br>**P.O. Box 103104**<br>**Roswell, GA 30076** | | W | **2007**<br>**Purchases upon open account** | | | | **406.17** |
| Account No. **4 5000 2133 6676**<br><br>**Dominion East Ohio**<br>**P.O. Box 26666**<br>**Attention:  System Credit**<br>**18th Floor**<br>**Richmond, VA 23261-6666** | | W | **2009**<br>**Gas service to property located at 869 Royal Road, Cleveland, Ohio** | | | | **711.95** |

Sheet no. __**1**___ of __**3**____ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

                        Subtotal<br>               (Total of this page)     **3,709.25**

In re  **Charlene L. Hilliard**  ,                    Case No. _____

_____
Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | |
| Account No. **10001002114909** <br><br> **KeyBank, N.A.** <br> **P.O. Box 94518** <br> **Cleveland, OH 44101-4518** | | | W | | **January 2005** <br> **Purchases upon open account** | | | | 477.00 |
| Account No. **4311 9670 6918 4485** <br><br> **National City Bank** <br> **P.O. Box 2349** <br> **#KA16F5** <br> **Kalamazoo, MI 49003-2349** | | | W | | **2008** <br> **Purchases upon open account** | | | | 4,195.10 |
| Account No. **213447355** <br><br> **Nordstrom** <br> **P.O. Box 13589** <br> **Scottsdale, AZ 85267** | | | W | | **2007 and 2008** <br> **Purchases upon open account** | | | | 1,363.00 |
| Account No. **943594433610015200** <br><br> **Sallie Mae Servicing Corporation** <br> **P.O. Box 9500** <br> **Wilkes Barre, PA 18773** | | | W | | **July 2003** <br> **Student loan** | | | | 153,718.00 |
| Account No. **4352 3767 3632 1753** <br><br> **Target National Bank** <br> **c/o Target Credit Services** <br> **P.O. Box 1581** <br> **Minneapolis, MN 55440-1581** | | | W | | **2007 and 2008** <br> **Purchases upon open account** | | | | 1,059.06 |

Sheet no. __2__ of __3__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

160,812.16

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

In re   **Charlene L. Hilliard**                                       ,         Case No. _____

                                           Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **6035 3201 7972 0915**<br><br>**The Home Depot Credit Services**<br>**P.O. Box 689100**<br>**Des Moines, IA 50368-9100** | | W | **2007 through 2009**<br>**Purchases upon open account** | | | | 5,765.82 |
| Account No. **5531 2100 0011 8507**<br><br>**U.S. Airways Business Credit Card**<br>**P.O. Box 84030**<br>**Columbus, GA 31908-4030** | | W | **2007 and 2008**<br>**Purchases upon open account** | | | | 10,681.96 |
| Account No. **5467 0200 0193 9944**<br><br>**Union Plus Credit Card**<br>**P.O. Box 80027**<br>**Salinas, CA 93912-0027** | | W | **2005 through 2009**<br>**Purchases upon open account** | | | | 7,671.52 |
| Account No. | | | | | | | |
| Account No. | | | | | | | |

Sheet no. __3__ of __3__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

                         Subtotal<br>(Total of this page)        **24,119.30**

                         Total<br>(Report on Summary of Schedules)        **209,504.86**

In re    **Charlene L. Hilliard**                                   ,      Case No. _____

Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| **Toyota Financial Services**<br>**P.O. Box 8026**<br>**Cedar Rapids, IA 52408-8026** | **Lease of 2009 Lexus RX350 for a term of four years commencing March 10, 2009 at the monthly rate of $789.99.** |
| **Toyota Motor Credit Corporation**<br>**5005 North River Boulevard NE**<br>**Cedar Rapids, IA 52411-6634** | **Lease of 2005 Toyota 4-Runner for a term of 5 years commencing January 2005 at the monthly rate of $399.00.** |

**0**

_____  continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037

In re     **Charlene L. Hilliard**                           ,     Case No. _____

                                                Debtor

# SCHEDULE H - CODEBTORS

      Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐   Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **JKS Management and Consulting**<br>**1414 South Green Road**<br>**South Euclid, OH 44121** | **Huntington National Bank**<br>**2361 Morse Road, NC1W18**<br>**Columbus, OH 43229** |

**0**
_____ continuation sheets attached to Schedule of Codebtors

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                        Best Case Bankruptcy

In re **Charlene L. Hilliard**                                   Case No. _____
                        Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Single** | RELATIONSHIP(S): **None.** | AGE(S): |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Assistant principal** | |
| Name of Employer | **Cleveland Metropolitan School Distrist** | |
| How long employed | **3 years** | |
| Address of Employer | **1380 East 6th Street** **Cleveland, OH 44114** | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ 6,228.34 | $ N/A |
| 2. Estimate monthly overtime | $ 0.00 | $ N/A |
| 3. SUBTOTAL | $ 6,228.34 | $ N/A |
| 4. LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security | $ 1,302.73 | $ N/A |
| b. Insurance | $ 188.67 | $ N/A |
| c. Union dues | $ 0.00 | $ N/A |
| d. Other (Specify): Contribution to STRS | $ 622.83 | $ N/A |
| Contribution to 403B Plan | $ 270.83 | $ N/A |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ 2,385.06 | $ N/A |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ 3,843.28 | $ N/A |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ 0.00 | $ N/A |
| 8. Income from real property | $ 1,200.00 | $ N/A |
| 9. Interest and dividends | $ 0.00 | $ N/A |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ 0.00 | $ N/A |
| 11. Social security or government assistance (Specify): | $ 0.00 | $ N/A |
| | $ 0.00 | $ N/A |
| 12. Pension or retirement income | $ 0.00 | $ N/A |
| 13. Other monthly income (Specify): | $ 0.00 | $ N/A |
| | $ 0.00 | $ N/A |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ 1,200.00 | $ N/A |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ 5,043.28 | $ N/A |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | | $ 5,043.28 |

(Report also on Summary of Schedules and, if applicable, on
Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

In re   **Charlene L. Hilliard**                       Case No. _____
                          Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

     Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐   Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | | $ 803.00 |
|   a. Are real estate taxes included?     Yes **X**     No ___ | | |
|   b. Is property insurance included?     Yes ___     No **X** | | |
| 2. Utilities:    a. Electricity and heating fuel | | $ 220.00 |
|              b. Water and sewer | | $ 90.00 |
|              c. Telephone | | $ 0.00 |
|              d. Other   **See Detailed Expense Attachment** | | $ 223.00 |
| 3. Home maintenance (repairs and upkeep) | | $ 300.00 |
| 4. Food | | $ 350.00 |
| 5. Clothing | | $ 400.00 |
| 6. Laundry and dry cleaning | | $ 70.00 |
| 7. Medical and dental expenses | | $ 30.00 |
| 8. Transportation (not including car payments) | | $ 200.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | | $ 40.00 |
| 10. Charitable contributions | | $ 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|              a. Homeowner's or renter's | | $ 400.00 |
|              b. Life | | $ 0.00 |
|              c. Health | | $ 0.00 |
|              d. Auto | | $ 400.00 |
|              e. Other | | $ 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
|       (Specify) | | $ 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
|              a. Auto | | $ 849.00 |
|              b. Other   **See Detailed Expense Attachment** | | $ 1,750.14 |
| 14. Alimony, maintenance, and support paid to others | | $ 0.00 |
| 15. Payments for support of additional dependents not living at your home | | $ 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | | $ 0.00 |
| 17. Other | | $ 0.00 |
|      Other | | $ 0.00 |

| | | |
|---|---|---:|
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | | $ 6,125.14 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

     **The mortgage payments from the Debtor's rental properties currently total $2,913.94 monthly. The Debtor is currently making those payments while she attempts to market the properties. It is anticipated that those payments will cease in the near future, resulting in the above budget.**

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---:|
| a.    Average monthly income from Line 15 of Schedule I | | $ 5,043.28 |
| b.    Average monthly expenses from Line 18 above | | $ 6,125.14 |
| c.    Monthly net income (a. minus b.) | | $ -1,081.86 |

In re    **Charlene L. Hilliard**                                       Case No. _____

Debtor(s)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)
### Detailed Expense Attachment

**Other Utility Expenditures:**

| | | |
|---|---|---:|
| Internet access and telephone | $ | 98.00 |
| Cable | $ | 10.00 |
| Cellular telephone | $ | 115.00 |
| **Total Other Utility Expenditures** | $ | **223.00** |

**Other Installment Payments:**

| | | |
|---|---|---:|
| Alphera Financial Services | $ | 561.15 |
| Toyota Financial Services | $ | 399.00 |
| Toyota Motor Credit Corporation | $ | 789.99 |
| **Total Other Installment Payments** | $ | **1,750.14** |

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
## Northern District of Ohio

In re  **Charlene L. Hilliard**                             Case No. _____
                                               Debtor(s)        Chapter   **7**

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

      I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of **28** sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date  **March 19, 2009**                Signature  **/s/ Charlene L. Hilliard**
                                                        **Charlene L. Hilliard**
                                                        Debtor

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

Software Copyright (c) 1996-2009 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037        Best Case Bankruptcy

# United States Bankruptcy Court
## Northern District of Ohio

| | | | |
|---|---|---|---|
| In re | **Charlene L. Hilliard** | Case No. | |
| | Debtor(s) | Chapter | **7** |

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$14,373.07** | **Cleveland Metropolitan School District - 2009 to date** |
| **$60,425.00** | **Cleveland Metropolitan School District - 2008** |
| **$61,362.43** | **Cleveland Metropolitan School District - 2007** |

**2. Income other than from employment or operation of business**

None ☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$3,757.74** | **Rental income - 2009 to date (gross receipts)** |
| **$-25,000.00** | **Rental income - 2008** |
| **$-16,887.00** | **Rental income - 2007** |

**3. Payments to creditors**

None ■

*Complete a. or b., as appropriate, and c.*

a. *Individual or joint debtor(s) with primarily consumer debts.* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None ☐

b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|
| **Union Plus Credit Card** P.O. Box 80027 Salinas, CA 93912-0027 | **December 15, 2008, January 5 and February 17, 2009** | **$900.00** | **$7,671.52** |
| **M and T Bank** 1 Fountain Plaza Buffalo, NY 14203 | **January, February, and March 2009** | **$2,391.18** | **$75,510.00** |
| **Huntington National Bank** 2361 Morse Road, NC1W18 Columbus, OH 43229 | **February 17, 2009** | **$849.29** | **$38,815.10** |
| **Chase Home Finance LLC** P.O. Box 24696 Columbus, OH 43224-0696 | **February 9 and March 9, 2009** | **$649.85** | **$59,741.08** |

None ■

c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None
■

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

None
■

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**5. Repossessions, foreclosures and returns**

None
■

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**6. Assignments and receiverships**

None
■

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None
■

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7. Gifts**

None
■

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

**8. Losses**

None ☐

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|
| **Real property located at 16205 Telfair Avenue, Cleveland, Ohio; value was established to be $82,225.28.** | **Fire loss of above property was covered by insurance. Total insurance payment, before demolition of unit, was $52,743.77. Said sum was paid upon the mortgage owed to FirstMerit Bank. The Seller received a net of $28,000.00.** | **October 16, 2008** |

**9. Payments related to debt counseling or bankruptcy**

None ☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Stephen D. Hobt** | **March 10, 2009** | **$201.00** |
| **1370 Ontario Street, Suite 450** | **March 19, 2009** | **$700.00** |
| **Cleveland, OH 44113-1744** | | |

**10. Other transfers**

None ☐

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| **Michael and Robin Holmes** **493-495 East 126th Street** **Cleveland, OH 44108** No relation | **October 19, 2007** | **Sold real property located at 493-495 East 126th Street, Cleveland, Ohio for the total sum of $90,000. The net cash to Seller was $33,660.17.** |
| **Larry E. Curry** **456 East 148th Street** **Cleveland, OH 44110** No relation | **November 20, 2007** | **Sold real property located at 456 East 148th Street, Cleveland, Ohio for the total price of $102,000.00. The net to the Seller was $69,227.83.** |

None ■

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

**11. Closed financial accounts**

None ☐

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| **JP Morgan Chase Bank** | **Checking account** | **Closed January 2009 with $50.00 balance** |
| **National City Bank P.O. Box 5570 Cleveland, OH 44101-0570** | **Checking account** | **Closed January 2009 with balance of $140.00** |
| **Huntington National Bank P.O. Box 5065  NE09 Cleveland, OH 44101** | **Checking account** | **Closed January 2009 with balance of $70.00** |

**12. Safe deposit boxes**

None ■

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13. Setoffs**

None ■

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14. Property held for another person**

None ☐

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|
| **Various tenants** | **$1,500.00 in security deposits belonging to 6 different tenants of the Debtor.** | **Cleveland Property Management Group LLC, 67 Alpha Park, Cleveland, Ohio 44143.** |

**15. Prior address of debtor**

None ■

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

**16. Spouses and Former Spouses**

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

**18 . Nature, location and name of business**

None
☐

a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|
| **Hill E. Homes Co.** | **45-0588912** | **4493 Glenview Cleveland, OH 44128** | **Intended for management and investment in real property.** | **Did not operate** |
| **Hill E. Homes LLC** | **Unknown** | **4493 Glenview Cleveland, OH 44128** | **Management and investment in real property** | **Did not operate** |
| **JKS Management and Consulting** | **Unknown** | **1414 South Green Road South Euclid, OH 44121** | **Management and investment in real property** | **2006 through 2008 (Debtor's involvement)** |
| **Horne Investments** | **Unknown** | | **Real estate investment and management** | **1999 to present (Debtor's involvement 2003 to 2008)** |

None
■ 

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                                        ADDRESS

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

None
☐

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                                        DATES SERVICES RENDERED
**Chapmans Tax Service**                                **2007 and 2008**
**28303 Ryans Ridge Lane**
**Spring, TX 77386**

None ■ b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|

None ☐ c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME                                                         ADDRESS
**Chapmans Tax Service**                                     **28303 Ryans Ridge Lane**
                                                             **Spring, TX 77386**

None ■ d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|

### 20. Inventories

None ■ a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|

None ■ b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|

### 21 . Current Partners, Officers, Directors and Shareholders

None ■ a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None ■ b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|

### 22 . Former partners, officers, directors and shareholders

None ■ a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None ■ b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

**23 . Withdrawals from a partnership or distributions by a corporation**

None
■
If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**24. Tax Consolidation Group.**

None
■
If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

**25. Pension Funds.**

None
■
If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  **March 19, 2009**                 Signature  **/s/ Charlene L. Hilliard**
                                                     **Charlene L. Hilliard**
                                                     Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

# United States Bankruptcy Court
## Northern District of Ohio

In re    **Charlene L. Hilliard** _____    Case No. _____

                                   Debtor(s)      Chapter    **7** _____

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A -** Debts secured by property of the estate. (Part A must be fully completed for **EACH** debt which is secured by property of the estate.  Attach additional pages if necessary.)

---

**Property No. 1**

| **Creditor's Name:** <br> **Alphera Financial Services** | **Describe Property Securing Debt:** <br> **2007 Chevrolet Silverado** |
|---|---|

Property will be (check one):
- ☐ Surrendered          ■ Retained

If retaining the property, I intend to (check at least one):
- ☐ Redeem the property
- ■ Reaffirm the debt
- ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
- ☐ Claimed as Exempt          ■ Not claimed as exempt

---

**Property No. 2**

| **Creditor's Name:** <br> **Chase Home Finance LLC** | **Describe Property Securing Debt:** <br> **Real property and rental located at 1437 East 172nd Street, Cleveland, Ohio;** <br> **Permanent parcel number 116-25-085;** <br> **See attached legal description.** |
|---|---|

Property will be (check one):
- ■ Surrendered          ☐ Retained

If retaining the property, I intend to (check at least one):
- ☐ Redeem the property
- ☐ Reaffirm the debt
- ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
- ☐ Claimed as Exempt          ■ Not claimed as exempt

---

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037          Best Case Bankruptcy

| Property No. 3 | |
|---|---|
| **Creditor's Name:**<br>**Chase Home Finance LLC** | **Describe Property Securing Debt:**<br>**Real property and rental located at 869 Royal Road,**<br>**Cleveland, Ohio;**<br>**Permanent parcel number 115-28-099;**<br>**See attached legal description.** |

Property will be (check one):
 ■ Surrendered                    ☐ Retained

If retaining the property, I intend to (check at least one):
 ☐ Redeem the property
 ☐ Reaffirm the debt
 ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
 ☐ Claimed as Exempt                    ■ Not claimed as exempt

| Property No. 4 | |
|---|---|
| **Creditor's Name:**<br>**Huntington National Bank** | **Describe Property Securing Debt:**<br>**2004 BMW 745Li (Titled in the name of JKS Management and**<br>**Consulting)** |

Property will be (check one):
 ■ Surrendered                    ☐ Retained

If retaining the property, I intend to (check at least one):
 ☐ Redeem the property
 ☐ Reaffirm the debt
 ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
 ☐ Claimed as Exempt                    ■ Not claimed as exempt

| Property No. 5 | |
|---|---|
| **Creditor's Name:**<br>**KeyBank National Association** | **Describe Property Securing Debt:**<br>**Real property and rental located at 1437 East 172nd Street,**<br>**Cleveland, Ohio;**<br>**Permanent parcel number 116-25-085;**<br>**See attached legal description.** |

Property will be (check one):
 ■ Surrendered                    ☐ Retained

If retaining the property, I intend to (check at least one):
 ☐ Redeem the property
 ☐ Reaffirm the debt
 ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
 ☐ Claimed as Exempt                    ■ Not claimed as exempt

| Property No. 6 | |
|---|---|
| **Creditor's Name:**<br>**M and T Bank** | **Describe Property Securing Debt:**<br>**Real property and residence located at 4493 Glenview Road,**<br>**Warrensville Heights, Ohio;**<br>**Permanent parcel number 762-03-023;**<br>**See attached legal description.** |

Property will be (check one):
    ☐ Surrendered                ■ Retained

If retaining the property, I intend to (check at least one):
    ☐ Redeem the property
    ■ Reaffirm the debt
    ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
    ■ Claimed as Exempt                ☐ Not claimed as exempt

| Property No. 7 | |
|---|---|
| **Creditor's Name:**<br>**National City Bank** | **Describe Property Securing Debt:**<br>**Real property and rental located at 397 East 148th Street,**<br>**Cleveland, Ohio;**<br>**Permanent parcel number 112-20-044;**<br>**See attached legal description.** |

Property will be (check one):
    ■ Surrendered                ☐ Retained

If retaining the property, I intend to (check at least one):
    ☐ Redeem the property
    ☐ Reaffirm the debt
    ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
    ☐ Claimed as Exempt                ■ Not claimed as exempt

| Property No. 8 | |
|---|---|
| **Creditor's Name:**<br>**James Rokakis, Treasurer** | **Describe Property Securing Debt:**<br>**Real property and rental located at 397 East 148th Street,**<br>**Cleveland, Ohio;**<br>**Permanent parcel number 112-20-044;**<br>**See attached legal description.** |

Property will be (check one):
   ■ Surrendered                                    ☐ Retained

If retaining the property, I intend to (check at least one):
   ☐ Redeem the property
   ☐ Reaffirm the debt
   ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
   ☐ Claimed as Exempt                     ■ Not claimed as exempt

| Property No. 9 | |
|---|---|
| **Creditor's Name:**<br>**James Rokakis, Treasurer** | **Describe Property Securing Debt:**<br>**Real property located at 992 East 141st Street, Cleveland,**<br>**Ohio;**<br>**Permanent parcel number 115-04-034;**<br>**See attached legal description.** |

Property will be (check one):
   ■ Surrendered                                    ☐ Retained

If retaining the property, I intend to (check at least one):
   ☐ Redeem the property
   ☐ Reaffirm the debt
   ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
   ☐ Claimed as Exempt                     ■ Not claimed as exempt

| Property No. 10 | |
|---|---|
| **Creditor's Name:**<br>**James Rokakis, Treasurer** | **Describe Property Securing Debt:**<br>**Real property and rental located at 869 Royal Road,**<br>**Cleveland, Ohio;**<br>**Permanent parcel number 115-28-099;**<br>**See attached legal description.** |

Property will be (check one):
- ■ Surrendered            □ Retained

If retaining the property, I intend to (check at least one):
- □ Redeem the property
- □ Reaffirm the debt
- □ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
- □ Claimed as Exempt            ■ Not claimed as exempt

| Property No. 11 | |
|---|---|
| **Creditor's Name:**<br>**James Rokakis, Treasurer** | **Describe Property Securing Debt:**<br>**Real property and rental located at 1437 East 172nd Street,**<br>**Cleveland, Ohio;**<br>**Permanent parcel number 116-25-085;**<br>**See attached legal description.** |

Property will be (check one):
- ■ Surrendered            □ Retained

If retaining the property, I intend to (check at least one):
- □ Redeem the property
- □ Reaffirm the debt
- □ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
- □ Claimed as Exempt            ■ Not claimed as exempt

| Property No. 12 | |
|---|---|
| **Creditor's Name:**<br>**James Rokakis, Treasurer** | **Describe Property Securing Debt:**<br>**Real property located at 16205 Telfair Avenue, Cleveland,**<br>**Ohio;**<br>**Permanent parcel number 143-02-073;**<br>**See attached legal description.** |

Property will be (check one):

■ Surrendered                               ☐ Retained

If retaining the property, I intend to (check at least one):
☐ Redeem the property
☐ Reaffirm the debt
☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
☐ Claimed as Exempt                         ■ Not claimed as exempt

| Property No. 13 | |
|---|---|
| **Creditor's Name:**<br>**James Rokakis, Treasurer** | **Describe Property Securing Debt:**<br>**Real property located at 1038-40 East 149th Street,**<br>**Cleveland, Ohio;**<br>**Permanent parcel number 115-13-023;**<br>**See attached legal description.** |

Property will be (check one):

■ Surrendered                               ☐ Retained

If retaining the property, I intend to (check at least one):
☐ Redeem the property
☐ Reaffirm the debt
☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
☐ Claimed as Exempt                         ■ Not claimed as exempt

| Property No. 14 | |
| --- | --- |
| **Creditor's Name:**<br>**Suntrust Mortgage, Inc.** | **Describe Property Securing Debt:**<br>**Real property and rental located at 51 Grigsby Lane,**<br>**Pickerington, Ohio;**<br>**Permanent parcel number 0410618700;**<br>**See attached legal description.** |

Property will be (check one):
- ■ Surrendered ☐ Retained

If retaining the property, I intend to (check at least one):
- ☐ Redeem the property
- ☐ Reaffirm the debt
- ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
- ☐ Claimed as Exempt ■ Not claimed as exempt

**PART B** - Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

| Property No. 1 | | |
| --- | --- | --- |
| **Lessor's Name:**<br>**Toyota Financial Services** | **Describe Leased Property:**<br>**Lease of 2009 Lexus RX350 for a term of four years commencing March 10, 2009 at the monthly rate of $789.99.** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>■ YES ☐ NO |

| Property No. 2 | | |
| --- | --- | --- |
| **Lessor's Name:**<br>**Toyota Motor Credit Corporation** | **Describe Leased Property:**<br>**Lease of 2005 Toyota 4-Runner for a term of 5 years commencing January 2005 at the monthly rate of $399.00.** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>■ YES ☐ NO |

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date **March 19, 2009** _____         Signature **/s/ Charlene L. Hilliard** _____
                                                                        **Charlene L. Hilliard**
                                                                        Debtor

# United States Bankruptcy Court
## Northern District of Ohio

In re    **Charlene L. Hilliard**      Case No. _____

                                  Debtor(s)       Chapter    **7**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.   Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---:|
| For legal services, I have agreed to accept | $ | **2,000.00** |
| Prior to the filing of this statement I have received | $ | **901.00** |
| Balance Due | $ | **1,099.00** |

2.   $ **299.00** of the filing fee has been paid.

3.   The source of the compensation paid to me was:

     ■ Debtor      ☐ Other (specify):

4.   The source of compensation to be paid to me is:

     ■ Debtor      ☐ Other (specify):

5.   ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

     ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6.   In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

     a.   Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
     b.   Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
     c.   Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
     d.   [Other provisions as needed]
         **Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.**

7.   By agreement with the debtor(s), the above-disclosed fee does not include the following service:
     **Representation of the debtors in any dischargeability actions or any other adversary proceeding.**

---

### CERTIFICATION

     I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:    **March 19, 2009**           **/s/ Stephen D. Hobt**
                                              **Stephen D. Hobt 0007681**
                                              **Stephen D. Hobt**
                                              **1370 Ontario Street, Suite 450**
                                              **Cleveland, OH 44113-1744**
                                              **(216) 771-4949   Fax: (216) 771-5353**
                                              **shobt@aol.com**

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037      Best Case Bankruptcy

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO

## NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total Fee $299)

1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

2. Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

3. The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

4. Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)

1. Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments

over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

     2.  Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

     3.  After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11: Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)

     Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)

     Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13.  The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

### 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

     A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

### Certificate of Attorney
     I hereby certify that I delivered to the debtor this notice required by § 342(b) of the Bankruptcy Code.

| Stephen D. Hobt 0007681 | X **/s/ Stephen D. Hobt** | **March 19, 2009** |
|---|---|---|
| Printed Name of Attorney | Signature of Attorney | Date |

Address:
**1370 Ontario Street, Suite 450**
**Cleveland, OH 44113-1744**
**(216) 771-4949**
**shobt@aol.com**

### Certificate of Debtor
     I (We), the debtor(s), affirm that I (we) have received and read this notice.

| Charlene L. Hilliard | X **/s/ Charlene L. Hilliard** | **March 19, 2009** |
|---|---|---|
| Printed Name(s) of Debtor(s) | Signature of Debtor | Date |

| Case No. (if known) | X | |
|---|---|---|
| | Signature of Joint Debtor (if any) | Date |

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037                                                    Best Case Bankruptcy

```
Alphera Financial Services
Customer Service Center
P.O. Box 3608
Dublin, OH 43016-0306


American Express
Customer Service
P.O. Box 297814
Fort Lauderdale, FL 33329-7814


American Express
Customer Service
P.O. Box 981535
El Paso, TX 79998-1535


Bank of America, N.A.
P.O. Box 15026
Wilmington, DE 19850-5026


Capital One Bank
P.O. Box 30285
Salt Lake City, UT 84130-0285


Chase Home Finance LLC
P.O. Box 24696
Columbus, OH 43224-0696


City of Cleveland
Department of Finance
Division of Assessments and License
601 Lakeside Avenue, Room 127
Cleveland, OH 44114-1015


Cleveland Public Power
P.O. Box 94560
Cleveland, OH 44101-4560


Dillard's
GE Money Bank
Attn: Bankruptcy Department
P.O. Box 103104
Roswell, GA 30076
```

```
Dominion East Ohio
P.O. Box 26666
Attention:  System Credit
18th Floor
Richmond, VA 23261-6666


HSBC Card Services
P.O. Box 80053
Salinas, CA 93912-0053


Huntington National Bank
2361 Morse Road, NC1W18
Columbus, OH 43229


JKS Management and Consulting
1414 South Green Road
South Euclid, OH 44121


KeyBank National Association
4910 Tiedeman Road
Cleveland, OH 44144


KeyBank, N.A.
P.O. Box 94518
Cleveland, OH 44101-4518


M and T Bank
1 Fountain Plaza
Buffalo, NY 14203


National City Bank
P.O. Box 2349
#KA16F5
Kalamazoo, MI 49003-2349


National City Bank
P.O. Box 5570
Cleveland, OH 44101-0570


Nordstrom
P.O. Box 13589
Scottsdale, AZ 85267
```

Office of the U.S. Attorney
Carl B. Stokes U.S. Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113-1852


James Rokakis, Treasurer
1219 Ontario Street
Cleveland, OH 44113


Sallie Mae Servicing Corporation
P.O. Box 9500
Wilkes Barre, PA 18773


Suntrust Mortgage, Inc.
P.O. Box 26149
Richmond, VA 23260


Target National Bank
c/o Target Credit Services
P.O. Box 1581
Minneapolis, MN 55440-1581


The Home Depot Credit Services
P.O. Box 689100
Des Moines, IA 50368-9100


Toyota Motor Credit Corporation
5005 North River Boulevard NE
Cedar Rapids, IA 52411-6634


U.S. Airways Business Credit Card
P.O. Box 84030
Columbus, GA 31908-4030


U.S. Attorney General
10th Street & Constitution Ave. NW
Washington, DC 20530


U.S. Department of Education
400 Maryland Avenue SW
Washington, DC 20202


Union Plus Credit Card
P.O. Box 80027
Salinas, CA 93912-0027

In re **Charlene L. Hilliard**
_____
Debtor(s)

Case Number: _____
(If known)

According to the information required to be entered on this statement
(check one box as directed in Part I, III, or VI of this statement):

☐ **The presumption arises.**

■ **The presumption does not arise.**

☐ **The presumption is temporarily inapplicable.**

# CHAPTER 7 STATEMENT OF CURRENT MONTHLY INCOME
# AND MEANS-TEST CALCULATION

In addition to Schedules I and J, this statement must be completed by every individual chapter 7 debtor, whether or not filing jointly. Unless the exclusion in Line 1C applies, joint debtors may complete a single statement. If the exclusion in Line 1C applies, each joint filer must complete a separate statement.

| Part I. MILITARY AND NON-CONSUMER DEBTORS | |
|---|---|
| 1A | **Disabled Veterans.** If you are a disabled veteran described in the Declaration in this Part IA, (1) check the box at the beginning of the Declaration, (2) check the box for "The presumption does not arise" at the top of this statement, and (3) complete the verification in Part VIII. Do not complete any of the remaining parts of this statement. <br><br> ☐ **Declaration of Disabled Veteran.** By checking this box, I declare under penalty of perjury that I am a disabled veteran (as defined in 38 U.S.C. § 3741(1)) whose indebtedness occurred primarily during a period in which I was on active duty (as defined in 10 U.S.C. § 101(d)(1)) or while I was performing a homeland defense activity (as defined in 32 U.S.C. §901(1)). |
| 1B | **Non-consumer Debtors.** If your debts are not primarily consumer debts, check the box below and complete the verification in Part VIII. Do not complete any of the remaining parts of this statement. <br><br> ☐ **Declaration of non-consumer debts.** By checking this box, I declare that my debts are not primarily consumer debts. |
| 1C | **Reservists and National Guard Members; active duty or homeland defense activity.** Members of a reserve component of the Armed Forces and members of the National Guard who were called to active duty (as defined in 10 U.S.C. § 101(d)(1)) after September 11, 2001, for a period of at least 90 days, or who have performed homeland defense activity (as defined in 32 U.S.C. § 901(1)) for a period of at least 90 days, are excluded from all forms of means testing during the time of active duty or homeland defense activity and for 540 days thereafter (the "exclusion period"). If you qualify for this temporary exclusion, (1) check the appropriate boxes and complete any required information in the Declaration of Reservists and National Guard Members below, (2) check the box for "The presumption is temporarily inapplicable" at the top of this statement, and (3) complete the verification in Part VIII. **During your exclusion period you are not required to complete the balance of this form, but you must complete the form no later than 14 days after the date on which your exclusion period ends, unless the time for filing a motion raising the means test presumption expires in your case before your exclusion period ends**. <br><br> ☐ **Declaration of Reservists and National Guard Members.** By checking this box and making the appropriate entries below, I declare that I am eligible for a temporary exclusion from means testing because, as a member of a reserve component of the Armed Forces or the National Guard <br><br>      a. ☐ I was called to active duty after September 11, 2001, for a period of at least 90 days and <br>          ☐ I remain on active duty /or/ <br>          ☐ I was released from active duty on _____, which is less than 540 days before this bankruptcy case was filed; <br><br>          OR <br><br>      b. ☐ I am performing homeland defense activity for a period of at least 90 days /or/ <br>          ☐ I performed homeland defense activity for a period of at least 90 days, terminating on _____, which is less than 540 days before this bankruptcy case was filed. |

| | **Part II. CALCULATION OF MONTHLY INCOME FOR § 707(b)(7) EXCLUSION** | | |
|---|---|---|---|
| 2 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br>a. ■ Unmarried. **Complete only Column A ("Debtor's Income") for Lines 3-11.**<br>b. ☐ Married, not filing jointly, with declaration of separate households. By checking this box, debtor declares under penalty of perjury: "My spouse and I are legally separated under applicable non-bankruptcy law or my spouse and I are living apart other than for the purpose of evading the requirements of § 707(b)(2)(A) of the Bankruptcy Code." **Complete only column A ("Debtor's Income") for Lines 3-11.**<br>c. ☐ Married, not filing jointly, without the declaration of separate households set out in Line 2.b above. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.**<br>d. ☐ Married, filing jointly. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.** | | |

| | | Column A<br>Debtor's<br>Income | Column B<br>Spouse's<br>Income |
|---|---|---|---|
| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | | |
| 3 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $ **6,228.33** | $ |

| 4 | **Income from the operation of a business, profession or farm.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero. **Do not include any part of the business expenses entered on Line b as a deduction in Part V.** | | | $ **0.00** | $ |
|---|---|---|---|---|---|

| | | Debtor | Spouse |
|---|---|---|---|
| a. | Gross receipts | $ **0.00** | $ |
| b. | Ordinary and necessary business expenses | $ **0.00** | $ |
| c. | Business income | Subtract Line b from Line a | |

| 5 | **Rents and other real property income.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 5. Do not enter a number less than zero. **Do not include any part of the operating expenses entered on Line b as a deduction in Part V.** | | | $ **1,176.76** | $ |
|---|---|---|---|---|---|

| | | Debtor | Spouse |
|---|---|---|---|
| a. | Gross receipts | $ **1,176.76** | $ |
| b. | Ordinary and necessary operating expenses | $ **0.00** | $ |
| c. | Rent and other real property income | Subtract Line b from Line a | |

| 6 | **Interest, dividends, and royalties.** | $ **0.00** | $ |
|---|---|---|---|
| 7 | **Pension and retirement income.** | $ **0.00** | $ |
| 8 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.** Do not include alimony or separate maintenance payments or amounts paid by your spouse if Column B is completed. | $ **0.00** | $ |

| 9 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 9. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br><br>Unemployment compensation claimed to be a benefit under the Social Security Act   Debtor $ **0.00**   Spouse $ | $ **0.00** | $ |
|---|---|---|---|

| 10 | **Income from all other sources.** Specify source and amount. If necessary, list additional sources on a separate page. **Do not include alimony or separate maintenance payments paid by your spouse if Column B is completed, but include all other payments of alimony or separate maintenance.** Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. | | | $ **0.00** | $ |
|---|---|---|---|---|---|

| | | Debtor | Spouse |
|---|---|---|---|
| a. | | $ | $ |
| b. | | $ | $ |
| | Total and enter on Line 10 | | |

| 11 | **Subtotal of Current Monthly Income for § 707(b)(7).** Add Lines 3 thru 10 in Column A, and, if Column B is completed, add Lines 3 through 10 in Column B. Enter the total(s). | $ **7,405.09** | $ |
|---|---|---|---|

| 12 | **Total Current Monthly Income for § 707(b)(7).** If Column B has been completed, add Line 11, Column A to Line 11, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 11, Column A. | $ 7,405.09 |

### Part III. APPLICATION OF § 707(b)(7) EXCLUSION

| 13 | **Annualized Current Monthly Income for § 707(b)(7).** Multiply the amount from Line 12 by the number 12 and enter the result. | $ 88,861.08 |
| 14 | **Applicable median family income.** Enter the median family income for the applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) <br> a. Enter debtor's state of residence:  **OH**   b. Enter debtor's household size:  **1** | $ 42,458.00 |
| 15 | **Application of Section 707(b)(7).** Check the applicable box and proceed as directed. <br> ☐ **The amount on Line 13 is less than or equal to the amount on Line 14.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete Part VIII; do not complete Parts IV, V, VI or VII. <br> ■ **The amount on Line 13 is more than the amount on Line 14.** Complete the remaining parts of this statement. |

**Complete Parts IV, V, VI, and VII of this statement only if required. (See Line 15.)**

### Part IV. CALCULATION OF CURRENT MONTHLY INCOME FOR § 707(b)(2)

| 16 | Enter the amount from Line 12. | | | $ 7,405.09 |
| 17 | **Marital adjustment.** If you checked the box at Line 2.c, enter on Line 17 the total of any income listed in Line 11, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If you did not check box at Line 2.c, enter zero. | | | |

| a. | | $ | |
| b. | | $ | |
| c. | | $ | |
| d. | | $ | |

| | Total and enter on Line 17 | $ 0.00 |
| 18 | **Current monthly income for § 707(b)(2).** Subtract Line 17 from Line 16 and enter the result. | $ 7,405.09 |

### Part V. CALCULATION OF DEDUCTIONS FROM INCOME

#### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| 19A | **National Standards: food, clothing and other items.** Enter in Line 19A the "Total" amount from IRS National Standards for Food, Clothing and Other Items for the applicable household size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | | | $ 517.00 |
| 19B | **National Standards: health care.** Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) Enter in Line b1 the number of members of your household who are under 65 years of age, and enter in Line b2 the number of members of your household who are 65 years of age or older. (The total number of household members must be the same as the number stated in Line 14b.) Multiply Line a1 by Line b1 to obtain a total amount for household members under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for household members 65 and older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 19B. | | | |

| | Household members under 65 years of age | | Household members 65 years of age or older | | |
|---|---|---|---|---|---|
| a1. | Allowance per member | 60 | a2. | Allowance per member | 144 |
| b1. | Number of members | 1 | b2. | Number of members | 0 |
| c1. | Subtotal | 60.00 | c2. | Subtotal | 0.00 |

| | | | | | $ 60.00 |
| 20A | **Local Standards: housing and utilities; non-mortgage expenses.** Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and household size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | | | $ 418.00 |

| 20B | **Local Standards: housing and utilities; mortgage/rent expense.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and household size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 42; subtract Line b from Line a and enter the result in Line 20B. **Do not enter an amount less than zero.** | | | |
|---|---|---|---|---|
| | a. | IRS Housing and Utilities Standards; mortgage/rental expense | $                                   770.00 | |
| | b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 42 | $                                   803.89 | |
| | c. | Net mortgage/rental expense | Subtract Line b from Line a. | $               0.00 |

| 21 | **Local Standards: housing and utilities; adjustment.** If you contend that the process set out in Lines 20A and 20B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below:<br><br>_____ | $               0.00 |
|---|---|---|

| 22A | **Local Standards: transportation; vehicle operation/public transportation expense.**<br>You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation.<br><br>Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 8.<br><br>☐ 0   ☐ 1   ■ 2 or more.<br><br>If you checked 0, enter on Line 22A the "Public Transportation" amount from IRS Local Standards: Transportation. If you checked 1 or 2 or more, enter on Line 22A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $             372.00 |
|---|---|---|

| 22B | **Local Standards: transportation; additional public transportation expense.** If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for you public transportation expenses, enter on Line 22B the "Public Transportation" amount from IRS Local Standards: Transportation. (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $               0.00 |
|---|---|---|

| 23 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.)<br><br>☐ 1   ■ 2 or more.<br><br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 42; subtract Line b from Line a and enter the result in Line 23. **Do not enter an amount less than zero.** | | | |
|---|---|---|---|---|
| | a. | IRS Transportation Standards, Ownership Costs | $                                   489.00 | |
| | b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 42 | $                                   561.14 | |
| | c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a. | $               0.00 |

| 24 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 23.<br><br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 42; subtract Line b from Line a and enter the result in Line 24. **Do not enter an amount less than zero.** | | | |
|---|---|---|---|---|
| | a. | IRS Transportation Standards, Ownership Costs | $                                   489.00 | |
| | b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 42 | $                                     0.00 | |
| | c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a. | $             489.00 |

| 25 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes. **Do not include real estate or sales taxes.** | $           1,302.73 |
|---|---|---|

| 26 | **Other Necessary Expenses: involuntary deductions for employment.** Enter the total average monthly payroll deductions that are required for your employment, such as retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as voluntary 401(k) contributions.** | $ | **622.83** |
|---|---|---|---|
| 27 | **Other Necessary Expenses: life insurance.** Enter total average monthly premiums that you actually pay for term life insurance for yourself. **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | $ | **0.00** |
| 28 | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments. **Do not include payments on past due obligations included in Line 44.** | $ | **0.00** |
| 29 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total average monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $ | **0.00** |
| 30 | **Other Necessary Expenses: childcare.** Enter the total average monthly amount that you actually expend on childcare - such as baby-sitting, day care, nursery and preschool. **Do not include other educational payments.** | $ | **0.00** |
| 31 | **Other Necessary Expenses: health care.** Enter the total average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 19B. **Do not include payments for health insurance or health savings accounts listed in Line 34.** | $ | **0.00** |
| 32 | **Other Necessary Expenses: telecommunication services.** Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service - such as pagers, call waiting, caller id, special long distance, or internet service - to the extent necessary for your health and welfare or that of your dependents. **Do not include any amount previously deducted.** | $ | **0.00** |
| 33 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 19 through 32. | $ | **3,781.56** |

**Subpart B: Additional Living Expense Deductions**

**Note: Do not include any expenses that you have listed in Lines 19-32**

| 34 | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.** List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents. | | |
|---|---|---|---|
| | <table><tr><td>a.</td><td>Health Insurance</td><td>$</td><td>188.67</td></tr><tr><td>b.</td><td>Disability Insurance</td><td>$</td><td>0.00</td></tr><tr><td>c.</td><td>Health Savings Account</td><td>$</td><td>0.00</td></tr></table> | $ | **188.67** |
| | Total and enter on Line 34. <br><br>**If you do not actually expend this total amount,** state your actual total average monthly expenditures in the space below: <br>$_____ | | |
| 35 | **Continued contributions to the care of household or family members.** Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. | $ | **0.00** |
| 36 | **Protection against family violence.** Enter the total average reasonably necessary monthly expenses that you actually incurred to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $ | |
| 37 | **Home energy costs.** Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs. **You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that the additional amount claimed is reasonable and necessary.** | $ | **0.00** |
| 38 | **Education expenses for dependent children less than 18.** Enter the total average monthly expenses that you actually incur, not to exceed $137.50 per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age. **You must provide your case trustee with documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | $ | **0.00** |

| | | | | | |
|---|---|---|---|---|---|
| 39 | **Additional food and clothing expense.** Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) **You must demonstrate that the additional amount claimed is reasonable and necessary.** | | | $ | 0.00 |
| 40 | **Continued charitable contributions.** Enter the amount that you will continue to contribute in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). | | | $ | 0.00 |
| 41 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 34 through 40 | | | $ | 188.67 |

### Subpart C: Deductions for Debt Payment

| | | | | |
|---|---|---|---|---|
| 42 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of the creditor, identify the property securing the debt, and state the Average Monthly Payment. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 42. | | | |

| | Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes or insurance? |
|---|---|---|---|---|
| a. | Alphera Financial Services | 2007 Chevrolet Silverado | $ 561.14 | ■yes □no |
| b. | Chase Home Finance LLC | Real property and rental located at 1437 East 172nd Street, Cleveland, Ohio; Permanent parcel number 116-25-085; See attached legal description. | $ 284.77 | □yes ■no |
| c. | Chase Home Finance LLC | Real property and rental located at 869 Royal Road, Cleveland, Ohio; Permanent parcel number 115-28-099; See attached legal description. | $ 429.85 | □yes ■no |
| d. | Huntington National Bank | 2004 BMW 745Li (Titled in the name of JKS Management and Consulting) | $ 764.36 | ■yes □no |
| e. | KeyBank National Association | Real property and rental located at 1437 East 172nd Street, Cleveland, Ohio; Permanent parcel number 116-25-085; See attached legal description. | $ 275.00 | ■yes □no |
| f. | M and T Bank | Real property and residence located at 4493 Glenview Road, Warrensville Heights, Ohio; Permanent parcel number 762-03-023; See attached legal description. | $ 803.89 | ■yes □no |
| g. | National City Bank | Real property and rental located at 397 East 148th Street, Cleveland, Ohio; Permanent parcel number 112-20-044; See attached legal description. | $ 234.32 | ■yes □no |

| | | | | |
|---|---|---|---|---|
| h. | James Rokakis, Treasurer | Real property and rental located at 1437 East 172nd Street, Cleveland, Ohio; Permanent parcel number 116-25-085; See attached legal description. | $ 156.75 | ■yes □no |
| i. | James Rokakis, Treasurer | Real property and rental located at 869 Royal Road, Cleveland, Ohio; Permanent parcel number 115-28-099; See attached legal description. | $ 169.73 | ■yes □no |
| j. | James Rokakis, Treasurer | Real property located at 1038-40 East 149th Street, Cleveland, Ohio; Permanent parcel number 115-13-023; See attached legal description. | $ 83.63 | ■yes □no |
| k. | James Rokakis, Treasurer | Real property located at 16205 Telfair Avenue, Cleveland, Ohio; Permanent parcel number 143-02-073; See attached legal description. | $ 113.72 | ■yes □no |
| l. | James Rokakis, Treasurer | Real property and rental located at 397 East 148th Street, Cleveland, Ohio; Permanent parcel number 112-20-044; See attached legal description. | $ 122.26 | ■yes □no |
| m. | James Rokakis, Treasurer | Real property located at 992 East 141st Street, Cleveland, Ohio; Permanent parcel number 115-04-034; See attached legal description. | $ 30.12 | ■yes □no |
| n. | Suntrust Mortgage, Inc. | Real property and rental located at 51 Grigsby Lane, Pickerington, Ohio; Permanent parcel number 0410618700; See attached legal description. | $ 1,690.00 | ■yes □no |
| | | Total: Add Lines | $ | 5,719.54 |

| | |
|---|---|
| 43 | **Other payments on secured claims.** If any of debts listed in Line 42 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 42, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. |

| | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount |
|---|---|---|---|
| a. | James Rokakis, Treasurer | Real property and rental located at 397 East 148th Street, Cleveland, Ohio; Permanent parcel number 112-20-044; | $ 62.33 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | See attached legal description. | | | |
| | b. | James Rokakis, Treasurer | Real property located at 1038-40 East 149th Street, Cleveland, Ohio; Permanent parcel number 115-13-023; See attached legal description. | $ 42.49 | | |
| | c. | James Rokakis, Treasurer | Real property located at 16205 Telfair Avenue, Cleveland, Ohio; Permanent parcel number 143-02-073; See attached legal description. | $ 23.88 | | |
| | d. | James Rokakis, Treasurer | Real property and rental located at 1437 East 172nd Street, Cleveland, Ohio; Permanent parcel number 116-25-085; See attached legal description. | $ 32.92 | | |
| | e. | James Rokakis, Treasurer | Real property and rental located at 869 Royal Road, Cleveland, Ohio; Permanent parcel number 115-28-099; See attached legal description. | $ 35.64 | | |
| | f. | James Rokakis, Treasurer | Real property located at 992 East 141st Street, Cleveland, Ohio; Permanent parcel number 115-04-034; See attached legal description. | $ 42.62 | | |
| | | | | Total: Add Lines | $ | 239.88 |

| | | |
|---|---|---|
| 44 | **Payments on prepetition priority claims.** Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing. **Do not include current obligations, such as those set out in Line 28.** | $ 0.00 |

| | | | | |
|---|---|---|---|---|
| 45 | **Chapter 13 administrative expenses.** If you are eligible to file a case under Chapter 13, complete the following chart, multiply the amount in line a by the amount in line b, and enter the resulting administrative expense. | | | |
| | a. | Projected average monthly Chapter 13 plan payment. | $ 0.00 | |
| | b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | x 7.10 | |
| | c. | Average monthly administrative expense of Chapter 13 case | Total: Multiply Lines a and b | $ 0.00 |

| | | |
|---|---|---|
| 46 | **Total Deductions for Debt Payment.** Enter the total of Lines 42 through 45. | $ 5,959.42 |

### Subpart D: Total Deductions from Income

| | | |
|---|---|---|
| 47 | **Total of all deductions allowed under § 707(b)(2).** Enter the total of Lines 33, 41, and 46. | $ 9,929.65 |

### Part VI. DETERMINATION OF § 707(b)(2) PRESUMPTION

| | | |
|---|---|---|
| 48 | **Enter the amount from Line 18 (Current monthly income for § 707(b)(2))** | $ 7,405.09 |
| 49 | **Enter the amount from Line 47 (Total of all deductions allowed under § 707(b)(2))** | $ 9,929.65 |
| 50 | **Monthly disposable income under § 707(b)(2).** Subtract Line 49 from Line 48 and enter the result. | $ -2,524.56 |
| 51 | **60-month disposable income under § 707(b)(2).** Multiply the amount in Line 50 by the number 60 and enter the result. | $ -151,473.60 |

| 52 | **Initial presumption determination.** Check the applicable box and proceed as directed.<br><br>■ **The amount on Line 51 is less than $6,575.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII. Do not complete the remainder of Part VI.<br><br>☐ **The amount set forth on Line 51 is more than $10,950** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. Do not complete the remainder of Part VI.<br><br>☐ **The amount on Line 51 is at least $6,575, but not more than $10,950.** Complete the remainder of Part VI (Lines 53 through 55). |
|---|---|

| 53 | **Enter the amount of your total non-priority unsecured debt** | $ |
|---|---|---|
| 54 | **Threshold debt payment amount.** Multiply the amount in Line 53 by the number 0.25 and enter the result. | $ |

| 55 | **Secondary presumption determination.** Check the applicable box and proceed as directed.<br><br>☐ **The amount on Line 51 is less than the amount on Line 54.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII.<br><br>☐ **The amount on Line 51 is equal to or greater than the amount on Line 54.** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. |
|---|---|

## Part VII. ADDITIONAL EXPENSE CLAIMS

| 56 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses. |
|---|---|

| Expense Description | Monthly Amount |
|---|---|
| a. | $ |
| b. | $ |
| c. | $ |
| d. | $ |
| Total: Add Lines a, b, c, and d | $ |

## Part VIII. VERIFICATION

| 57 | I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this is a joint case, both debtors must sign.)*<br><br>Date: **March 19, 2009**    Signature: **/s/ Charlene L. Hilliard**<br>**Charlene L. Hilliard**<br>*(Debtor)* |
|---|---|

# Current Monthly Income Details for the Debtor

**Debtor Income Details:**
Income for the Period **09/01/2008** to **02/28/2009**.

**Line 3 - Gross wages, salary, tips, bonuses, overtime, commissions**
Source of Income: **Cleveland Metropolitan School District**
Income by Month:

| | | |
|---|---|---|
| 6 Months Ago: | **09/2008** | **$5,749.23** |
| 5 Months Ago: | **10/2008** | **$8,623.85** |
| 4 Months Ago: | **11/2008** | **$5,749.23** |
| 3 Months Ago: | **12/2008** | **$5,749.23** |
| 2 Months Ago: | **01/2009** | **$5,749.23** |
| Last Month: | **02/2009** | **$5,749.23** |
| | Average per month: | **$6,228.33** |

**Line 5 - Rent and other real property income**
Source of Income: **Rental properties**
Income/Expense/Net by Month:

| | Date | Income | Expense | Net |
|---|---|---|---|---|
| 6 Months Ago: | **09/2008** | **$1,210.00** | **$0.00** | **$1,210.00** |
| 5 Months Ago: | **10/2008** | **$1,095.21** | **$0.00** | **$1,095.21** |
| 4 Months Ago: | **11/2008** | **$1,230.00** | **$0.00** | **$1,230.00** |
| 3 Months Ago: | **12/2008** | **$1,117.63** | **$0.00** | **$1,117.63** |
| 2 Months Ago: | **01/2009** | **$1,197.74** | **$0.00** | **$1,197.74** |
| Last Month: | **02/2009** | **$1,210.00** | **$0.00** | **$1,210.00** |
| | Average per month: | **$1,176.76** | **$0.00** | |
| | | | Average Monthly NET Income: | **$1,176.76** |

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037                                        Best Case Bankruptcy